HALLACK-SAYRE-NEWTON LUMBER COMPANY, PLAINTIFF
IN ERROR, v. BLAKE, DEFENDANT IN ERROR.

1. PLEADING—EVIDENCE.

Affirmative matter, requiring special plea, must be in avoidance. It is
consistent with the cause of action, but operates to defeat it. If,
however, such matter is inconsistent with the claim set up, its only
effect is to disprove it, and it is admissible in support of a denial.

2. PRACTICE—EVIDENCE.

It is not erroneous to sustain an objection to a question, the only effect
of which would be to cause the witness to repeat his testimony.

3. EVIDENCE.

A witness having testified that a certain building contract had been
abandoned and that he, as agent of defendant, had completed the
buildings, receipts and statements signed by him acknowledging
the receipt by him from the defendant of money in different
amounts to apply on the contract, being in direct contradiction of
his testimony, are admissible in evidence.

4. AGENTS AND AGENCY.

One selling goods, relying exclusively upon the representations of the
person by whom they were ordered that he is the agent of another,
does so at his peril.

*Error to the District Court of Arapahoe County.*

Mr. REGINALD HEBER SMITH, for plaintiff in error.

Messrs. MANLEY & MOORE and Messrs. MARKHAM &
CARR, for defendant in error.

THOMSON, J., delivered the opinion of the court.

This is a suit brought by the plaintiff in error to recover
the sum of $990.40, as a balance due for lumber and building
material furnished by the plaintiff to the defendant between
February 5, and April 22, 1891. The answer denied the al-
legations of the complaint. There was verdict for the de-
fendant, and judgment accordingly.

On the 6th day of November, 1890, the defendant entered

into a written contract with one F. P. Cole for the construction of two double residences, on Logan avenue, in the city of Denver, Cole to provide all material and labor necessary for their completion, and the work to be done in conformity with plans and specifications drawn by L. M. Wood, architect. Wood was jointly interested with Cole in the contract; but his name did not appear in the instrument, because, being an architect, he did not desire to be known as a contractor. Mr. Cole, while proceeding under the contract, ordered material for the buildings from the Sayre-Newton Lumber Company, the business of which was subsequently, and prior to the accruing of the indebtedness which is the subject of this suit, consolidated with that of Mr. Hallack, the new corporation being called The Hallack-Sayre-Newton Lumber Company. Before the consolidation the defendant had been dissatisfied with Mr. Cole's manner of carrying on the work, and demanded a bond from him to secure compliance with the contract. Cole applied to the Sayre-Newton Lumber Company to become his surety on the bond, but it declined. However, on December 2, 1890, Mr. Newton, the secretary of the Sayre-Newton Company, and afterwards treasurer of the Hallack-Sayre-Newton Company, personally executed an instrument, by which he guaranteed the completion of the buildings according to the plans, provided the money payable to Cole under the contract should be paid to his company; but this was not satisfactory to the defendant, and he refused to accept it. On December 20, 1890, Cole sold, and, by a written instrument of that date, assigned to Mr. Wood all his interest in the contract. On June 6, 1891, the defendant paid the plaintiff upon its bill $1,000, leaving due the balance in suit. The material in question was ordered by Wood after he had acquired Cole's interest in the contract.

Wood testified that after his purchase of Cole's interest, the contract was abandoned, and he carried the work to completion as the agent of the defendant; that all the bills for the buildings were made out to the defendant, and, after be-

ing approved by the witness, were from time to time paid by defendant. The defendant testified that he never authorized Wood to represent him in any way ; that he never had any agreement with Wood outside of the written contract ; that it was under that contract that Wood completed the buildings ; that the bills paid by him were paid upon Wood's order, and on his account as contractor ; and that the contract price had been fully paid. Aside from the testimony of these witnesses there was evidence on both sides which tended in some measure to support the respective claims of the parties.

As to the conflicts in the testimony, the verdict of the jury is final; and the only questions remaining for our consideration arise out of the rulings of the court at the trial. The contract between Cole and the defendant was admitted in evidence in behalf of the defendant against the plaintiff's objection. The ground of the objection was that it tended to establish an affirmative defense, which could not be made without being specially pleaded. This objection is without force. The complaint alleges the purchase of the material by the defendant. This the answer denies. If the contract with Cole was annulled when Wood acquired his interest, and the construction of the buildings was continued by Wood merely as the agent of the defendant, then the purchase of the lumber by Wood was a purchase by the defendant ; but if the construction was continued by Wood under the original contract, and subject to its terms, then such purchase by him was not a purchase by the defendant, and the contract, together with the other evidence connecting Wood with it, simply went in denial of the averments of the complaint. Affirmative matter, requiring special plea, must be in avoidance. It is consistent with the cause of action, but operates to defeat it. If, however, such matter is inconsistent with the claim set up, its only effect is to disprove it, and it is admissible in support of a denial. The evidence was therefore properly received.

An objection was sustained to the following question asked

Mr. Wood by plaintiff's counsel : "I will ask you, Mr. Wood, if there were any other bills on this building which were charged to Mr. Blake under your direction, and paid by him?" The object of this question, according to counsel, was to corroborate Mr. Wood's testimony as to his agency, because the payment of such bills by the defendant would amount to an admission by him that he was the principal. But the question implies that there were some bills, of the kind it mentioned, concerning which Mr. Wood had not already testified ; whereas he had stated that all the bills were made out to the defendant, and paid by him.   There could not, therefore, have been any other bills of that kind, and the only answer which witness could have made to the question, would have been to repeat what he stated before.   In view of the preceding testimony of the witness, the form of the question was objectionable ; and, as it would have elicited nothing which was not already in evidence, we do not think that counsel's complaint of the court's ruling is well founded.

Against the objection of the plaintiff, a number of receipts and statements of Mr. Wood were permitted to go in evidence.   The first receipt is dated March 28th, and the last April 25, 1891.   They were all signed by Mr. Wood, and acknowledged the receipt by him from the defendant of money in different amounts, " to apply on contract for Logan Avenue buildings."   The statements cover a period from February 3 to April 6, 1891.   They charge the defendant with the contract price of the buildings, and credit him with the different sums paid upon the contract.   The effect of these receipts and statements would be in direct contradiction of the testimony of the witness that the contract had been abandoned, and that he completed the buildings only as the agent of the defendant; and for the purpose of such contradiction they were important.   It was not objected that a proper and sufficient foundation for their introduction had not been laid in the cross-examination of Wood.   The sole ground of objection was that they were irrelevant and immaterial.   To so hold would be a serious assault upon elementary principles.

The Sayre-Newton Lumber Company knew that, at first, the buildings were being constructed in pursuance of a contract with Mr. Cole. Mr. Cole had applied to it to become his surety on a bond for the performance of that contract. This plaintiff was the successor of that company, and continued its business, and was affected with the knowledge of its predecessor concerning that business. One of its officers had executed a conditional guaranty that the contract of Cole would be carried out; and, by the established law, his knowledge was its knowledge. When it was advised that the buildings were not to be completed by Mr. Cole it became its duty, before furnishing further material, to inquire in what manner the work was to be continued, not of Mr. Wood, or of a stranger, or of rumor, but of the defendant himself; and it neglected this precaution at its own peril. The evidence does not disclose that the plaintiff was misled into parting with its property by any act or word of the defendant. It is true he made a payment on a bill of lumber, rendered to him by it, but that was some time after the lumber had been furnished. There may have been other bills made out against him which he paid also; but if so, it is not shown that the plaintiff had any knowledge that this was the case, or that its conduct was, or could have been, in the least, influenced by any such consideration. The plaintiff seems to have relied wholly on the statements of Mr. Wood, when the facts were easy of ascertainment; and if, in so doing, it has sustained a loss, the injury is chargeable to its own neglect. The several questions in controversy were submitted to the jury with remarkable fairness and propriety, and the instructions given included everything asked by the plaintiff to which it was entitled.

The judgment will be affirmed.

*Affirmed.*